UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Drake Louis Sanders, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20-2160 |
| | ) | |
| Michael Downey, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## **Merit Review Order**

The plaintiff, proceeding *pro se*, and currently detained at Jerome Combs Detention Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that three gang members attacked him and caused bleeding in his left eye. Plaintiff alleges he was sent to the

hospital shortly thereafter, but that his right eye "goes blind for no reason." Plaintiff alleges that doctors cannot determine the cause of his blindness. Plaintiff also alleges that Defendants Castellano and Haggard failed to prescribe effective medications for various medical conditions for reasons not related to sound medical judgment. Plaintiff also alleges that these defendants have failed to provide a C-PAP machine for his sleep apnea, and that they have failed to provide diagnostic testing ordered by a specialist. Plaintiff also alleges that he is being held on his criminal case in the Northern District of Illinois without a bail hearing while his co-defendant has already been released on bond.

Plaintiff states Fourteenth Amendment claims for failure-to-protect claim against Defendants Downey and Kolitwenzew and for failure to provide adequate medical care against Defendants Castellano and Haggard. *Giles v. Tobeck*, 895 F.3d 510, 513 (7th Cir. 2018); *Miranda v. Cty. of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018). The U.S. Marshals is a federal agency that cannot be sued for damages. *FDIC v. Meyer*, 510 U.S. 996, 1005 (1994).

Plaintiff's claims related to his criminal case are dismissed without prejudice. Challenges to a fact or duration of confinement must be pursued via a habeas corpus proceeding. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The allegations are also not related to Plaintiff's conditions-of-confinement claims, and therefore must be litigated in a separate lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."). The judge and prosecutor Plaintiff names as defendants have absolute immunity for actions taken during the judicial process. *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011);  *Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012).

**It is therefore ordered:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states Fourteenth Amendment claims for failure-to-protect claim against Defendants Downey and Kolitwenzew and for failure to provide adequate medical care against

    Defendants Castellano and Haggard. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims

stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal

      service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate Sara Ellis, Sheri L. Wong, and U.S. Marshals as defendants.

12. The clerk is directed to attempt service on Michael Downey, Chad Kolitwenzew, Shannon Haggard, and Nick Castellano pursuant to the standard procedures.

Entered this 8th day of July, 2020.


                   s/ Harold A. Baker
                   HAROLD A. BAKER
        UNITED STATES DISTRICT JUDGE